UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRESTON LEWIS,
    Plaintiff,

vs.                                         Case No.: 3:24cv622/TKW/ZCB

ALDI INC., et al.,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* case filed by Plaintiff proceeding *in forma pauperis*. (Docs. 1, 2, 4). The Court previously informed Plaintiff of deficiencies in his initial complaint and instructed him to file an amended complaint. (Doc. 8). Plaintiff has now filed an amended complaint. (Doc. 10). Because Plaintiff is proceeding *in forma pauperis* (Doc. 4), the Court must review the amended complaint to determine if it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). Having reviewed the amended complaint, Plaintiff's federal law claims should be dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. §

1

1915(e)(2)(B)(ii).[1]  And the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## I. Factual Allegations[2]

Plaintiff alleges that on December 7, 2024, he went to the Aldi grocery store on Navarre Parkway. (Doc. 10 at 6). Plaintiff claims that Aldi employee Kathleen Bridgman refused to ring up his items because he is an African American with a disabling lung disease. (*Id.* at 5-6, 15). After a back and forth between Ms. Bridgman and Plaintiff, another Aldi employee arrived to assist. (*Id.* at 6-7). When that worker arrived, Ms. Bridgman explained why she refused to serve Plaintiff. (*Id.* at 7). The second employee then also refused to serve Plaintiff. (*Id.*).

According to Plaintiff, a customer then came over to try to "rectify the situation." (*Id.*). The customer allegedly told Plaintiff to leave, but Plaintiff refused. (*Id.*). Plaintiff says he then had a physical altercation

---

[1] As previously mentioned, Plaintiff was given an opportunity to amend his complaint when a prior version was found deficient. (Doc. 8). Although Plaintiff has filed an amended complaint, it is also deficient. Thus, dismissal is warranted. *See generally Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint").

[2] The Court assumes the allegations are true.

with the customer, during which Plaintiff "defended" himself. (*Id.* at 8). The police were then called. (*Id.*).

Defendant Deputy Sheri Leann Stovall (referred to in the amended complaint as "Sheriff Sheri") and other deputies from the Santa Rosa County Sheriff's Office arrived at the Aldi store. (*Id.*). According to Plaintiff, he tried to walk away from Defendant Deputy Stovall when she asked for his identification. (*Id.*). Plaintiff was then handcuffed and told to sit on a bench while deputies investigated the situation. (*Id.* at 9). The deputies informed Plaintiff that they were responding to a report of an altercation and Plaintiff met the description of a person involved. (*Id.* at 10).

Defendant Deputy Stovall reviewed a video of the incident and stated that it "showed that [Plaintiff] assaulted the customer in the store first." (*Id.* at 11). Nonetheless, the customer decided not to press charges against Plaintiff. (*Id.* at 12). The store, however, decided to "trespass" Plaintiff. (*Id.*). So, Plaintiff was told to leave the store. (*Id.*).

Plaintiff proceeded to get in his car to drive away, but he was told by a deputy that he had a suspended license and would be arrested if he started driving. (*Id.*). Plaintiff claims he had a valid driver's license, but

3

the threat of arrest forced him to leave the premises without driving his car. (*Id.* at 12-13).

In his complaint, Plaintiff brings a claim against Aldi for violating the Americans with Disabilities Act (ADA), along with state law claims for negligence and premises liability. (*Id.* at 14-16). Plaintiff also claims the Santa Rosa County Sheriff, the individual deputies, and the Santa Rosa County Board of Commissioners violated his Fourth and Fifth Amendment[3] rights as well as the ADA. (*Id.* at 17-19). He seeks $5,000,000.00 in damages. (*Id.* at 19).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable

---

[3] Plaintiff mentions the Fourteenth Amendment in his claims against these Defendants, but Plaintiff does not appear to bring a separate Fourteenth Amendment claim. (*See* Doc. 10 at 17-19). But even if Plaintiff did intend to bring a separate Fourteenth Amendment claim, his claim would be subject to dismissal for failure to state a claim upon which relief may be granted. His factual allegations provide no basis for believing that any Defendants violated the Fourteenth Amendment.

inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (cleaned up). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Thus, "assertions devoid of further factual enhancement" are insufficient. *Id.* at 678.

### III.   Discussion

#### A. Plaintiff has not stated a plausible ADA claim against Defendant Aldi.

Plaintiff does not specify the provision of the ADA under which he is proceeding. Based on the nature of his allegations, however, it appears that Plaintiff intended to bring a claim under Title III of the ADA. Title III prohibits discrimination against disabled individuals by private entities that qualify as places of public accommodation. *Price v. City of Ocala*, 375 F. Supp. 3d 1264, 1269 (M.D. Fla. 2019). Grocery stores, such as Defendant Aldi, are places of public accommodation for purposes of Title III of the ADA. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013).

Plaintiff seeks damages and injunctive relief from Defendant Aldi for its alleged violation of Title III of the ADA. (Doc. 10 at 19). He is not entitled to either type of relief. Plaintiff cannot obtain damages from Defendant Aldi because an injunction "is the only form of relief available to plaintiffs suing under Title III of the ADA." *Id.* Thus, dismissal of Plaintiff's ADA claim for damages against Defendant Aldi is warranted. *See Berkery v. Kaplan*, 518 F. App'x 813, 814 (11th Cir. 2013) (affirming dismissal of ADA claim because "there is no private right of action for money damages under Title III").

Regarding Plaintiff's request for injunctive relief under Title III of the ADA, dismissal is warranted because Plaintiff lacks standing to seek an injunction. There are three requirements for standing under Article III of the Constitution: (1) injury-in-fact; (2) a causal connection between the injury-in-fact and the defendant's alleged actions; and (3) the injury claimed will be redressed by a favorable decision. *Houston*, 733 F.3d at 1328. "The injury-in-fact demanded by Article III requires an additional showing when injunctive relief is sought." *Id.* (internal quotations omitted). That additional showing requires a plaintiff to "show a sufficient likelihood that he will be affected by the allegedly unlawful

6

conduct in the future." *Id*. at 1328 (cleaned up).  This means "a party has standing to seek injunctive relief only if the party shows a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Id*. at 1329 (cleaned up).

Applying that here, to have standing to pursue injunctive relief against Defendant Aldi under the ADA Plaintiff would have to sufficiently allege not just past injury but "a real and immediate threat of future injury," *id*. at 1328, by Defendant Aldi.  Plaintiff has not done so.  His complaint is devoid of factual allegations "giving rise to an inference that he will suffer future discrimination by the defendant." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (finding plaintiff failed to plausibly allege future injury as required for standing to seek injunctive relief under the ADA).  Accordingly, Plaintiff lacks standing to seek injunctive relief against Defendant Aldi.

## B. Plaintiff has not stated a plausible claim against Defendants Santa Rosa County Board of Commissioners and Santa Rosa County Sheriff.

A plaintiff suing a municipal entity such as Defendants Santa Rosa County Board of Commissioners and the Santa Rosa County Sheriff[4] under 42 U.S.C. § 1983 must show (1) "his constitutional rights were violated," (2) the entity "had a custom or policy that constituted deliberate indifference to that constitutional right," and (3) "the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). In other words, Plaintiff must identify a particular municipal "policy" or "custom" that caused the constitutional injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). To establish a county policy, a plaintiff must "identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329-30 (11th Cir. 2003).

"Because a county rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs . . . must

---

[4] A suit against a county official in his or her official capacity is the equivalent of a suit against the county itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

show that the county has a custom or practice of permitting it and that the county's custom or practice is the moving force behind the constitutional violation." *Grech*, 335 F.3d at 1330 (cleaned up).

Here, Plaintiff has not plausibly alleged facts that sufficiently tie any of the deputies' actions on December 7, 2024, to a custom or policy of the county. Instead, Plaintiff has made only vague and conclusory allegations of a custom or policy. For this reason, he has not stated a plausible claim for relief under 42 U.S.C. § 1983 against the Santa Rosa County Board of Commissioners or the Santa Rosa County Sheriff.[5]

---

[5] To the extent Plaintiff has attempted to sue the Santa Rosa County Sheriff in his individual capacity, such a claim fails. There is no allegation that the Sheriff himself personally participated in the events that occurred on December 7, 2024. Nor are there sufficient factual allegations asserting a causal connection between the actions of the Sheriff and the alleged constitutional violation experienced by Plaintiff. *See Mann v. Taser Int'l., Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009) (explaining that the "standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous" and requires either that "(1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation").

## C. Plaintiff has not stated a plausible Fourth Amendment claim against Defendants Deputy Stovall and Deputy Ramirez.

Plaintiff claims Defendants Deputy Stovall and Ramirez violated the Fourth Amendment by seizing him "without probable cause or warrant." (Doc. 10 at 17). As explained below, Plaintiff's allegations are insufficient to state a plausible Fourth Amendment unconstitutional seizure claim.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.] . . ." U.S. Const. amend. IV. There are two types of law enforcement seizures of people: arrests and *Terry* stops. *See United States v. Street*, 472 F.3d 1298, 1304-05 (11th Cir. 2006).

An arrest requires probable cause. *Id.* "Probable cause is not a high bar." *Davis v. City of Apopka*, 78 F.4th 1326, 1334 (11th Cir. 2023) (cleaned up). It "exists when the facts, considering the totality of the circumstances and viewed from the perspective of a reasonable officer, establish a probability or substantial chance of criminal activity." *Washington v. Howard*, 25 F.4th 891, 898 (11th Cir. 2022) (cleaned up). And it "does not require anything close to conclusive proof or proof beyond

a reasonable doubt that a crime was in fact committed, or even a finding made by a preponderance of the evidence." *Davis,* 78 F.4th at 1334 (cleaned up).

A *Terry* stop is less intrusive than an arrest and can be based on reasonable suspicion. *United States v. Jordan*, 635 F.3d 1181, 1186-87 (11th Cir. 2011). The reasonable suspicion standard requires "considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause." *Navarette v. California*, 572 U.S. 393, 397 (2014). To determine the existence of reasonable suspicion, courts "look to the totality of the circumstances." *Jordan*, 635 F.3d at 1186. Reasonable suspicion and probable cause can be based on information provided to an officer by others and need not be based on an officer's personal observations. *Id.*

The line between a *Terry* stop and an arrest can be hard to discern. *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1221 (11th Cir. 1993). And it is unnecessary to discern it here because Plaintiff fails to state a Fourth Amendment claim under either standard. That is so because under the facts as alleged by Plaintiff, Defendants Stovall and Ramirez had reasonable suspicion to detain him and probable cause to arrest him.

11

Plaintiff admits that he had a physical altercation with another individual inside the Aldi store. (Doc. 10 at 8). He further admits that the deputies were summoned to the store after somebody called 911 to report the altercation. (*Id.*). Upon arrival at the scene, the deputies encountered Plaintiff and determined that he matched the 911 caller's description of the individual involved in the altercation. *See generally United States v. McCall*, 563 F. App'x 696, 701 (11th Cir. 2014) (finding reasonable suspicion to stop car that matched 911 caller's description of car involved in criminal activity and was found in the same vicinity as the reported criminal activity). And, according to Plaintiff's allegations, Plaintiff refused to provide identification when requested by the deputies and instead walked away from them.[6] (Doc. 10 at 8). Moreover, Plaintiff

---

[6] Under Florida law, the deputies had authority ask Plaintiff to identify himself during the detention. *See* Fla. Stat. § 901.151(2). And his refusal to comply with the request provided probable cause to arrest Plaintiff for resisting or obstructing an officer in the lawful execution of a legal duty, in violation of Fla. Stat. § 843.02. *See Moore v. Pederson*, 806 F.3d 1036, 1049 (11th Cir. 2015) ("When an officer lawfully conducts a *Terry* stop, Fla. Stat. § 843.02 authorizes the officer to arrest a person who refuses to provide identification in response to requests."); *see also K.A.C. v. State*, 707 So. 2d 1175, 1176-77 (Fla. 3d DCA 1998) (finding officers had probable cause to arrest individual under Fla. Stat. § 843.02 because, after being lawfully stopped, the individual failed to identify himself when requested by officers).

12

has alleged that Defendant Deputy Stovall reviewed a video from inside the store and concluded that it showed Plaintiff physically assault the other customer. (Doc. 10 at 11). "[C]onsidering the totality of the circumstances [as alleged by Plaintiff] and viewed from the perspective of a reasonable officer," there was "a probability or substantial chance of criminal activity" involving Plaintiff. *Washington* 25 F.4th at 898. Thus, because Defendants Deputy Stovall and Ramirez lawfully seized Plaintiff, his Fourth Amendment claim should be dismissed.

### D. Plaintiff has not plausibly stated a Fifth Amendment claim.

Plaintiff also alleges that Defendants Deputy Stovall and Deputy Ramirez violated the Fifth Amendment by continuing to speak with him after he invoked his *Miranda* right to counsel. (Doc. 10 at 10). This claim lacks merit. Even if Plaintiff could show that Defendants continued to interrogate him after he invoked his *Miranda* right to counsel, Plaintiff would not be entitled to relief under § 1983. The law is clear that a plaintiff may not prevail on a § 1983 claim premised on a violation of the *Miranda* procedures because "a violation of *Miranda* is not itself a violation of the Fifth Amendment." *See Vega v. Tekoh*, 597 U.S. 134, 152 (2022) (refusing to permit § 1983 claims based on violations of *Miranda*);

13

*see also Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999) (holding that plaintiff could not prevail under § 1983 on a claim that officers improperly interrogated him after he invoked his *Miranda* right to counsel). Accordingly, Plaintiff cannot obtain relief on his claim that Defendants Deputy Stovall and Deputy Ramirez violated the Fifth Amendment by questioning him after he invoked his *Miranda* right to counsel.

### E. Supplemental jurisdiction should be declined over Plaintiff's state law claims.

In addition to his federal law claims, Plaintiff has brought several state law claims. A district court may decline to exercise supplemental jurisdiction over state law claims when, among other things, it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

The Eleventh Circuit has "encouraged" district courts to exercise that discretion to decline supplemental jurisdiction "when . . . the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370

14

F.3d 1086, 1089 (11th Cir. 2004). Thus, a district court "will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed." *Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 866 (11th Cir. 2022). The stage of the federal court proceedings is an important consideration, with the "preference for declining supplemental jurisdiction" being "particularly strong when the federal claims have dropped out of the lawsuit in its early stages." *68V BTR Holdings, LLC v. City of Fairhope*, 737 F. Supp. 3d 1222, 1239 (S.D. Ala. 2024) (internal quotations omitted).

Considering that the current case is in its infancy, the Court should decline to exercise supplemental jurisdiction over the state law claims if the federal law claims are dismissed as recommended above.

### IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's federal law claims be **DISMISSED with prejudice** for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Court decline supplemental jurisdiction over Plaintiff's state law claims and **DISMISS** such claims **without prejudice** to Plaintiff pursuing them in state court.

3. All pending motions be **DENIED as moot**.

4. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 24th day of April 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.